# EXHIBIT 'A'

05/17/2005 14:45 FAX  6314750030          CUE BROKERAGE CORP                    ☑007/045
FROM                                    (WED)APR 13 2005 16:33/S1. 16:22/No. 6650061901  r  4

# IN THIS CIRCUIT COURT FOR THE COUNTY OF MADISON
## STATE OF ILLINOIS

RONALD ALSUP, ROBERT CREWS, and )
MAGNUM PROPERTIES ,LLC            )
                                  )
                                  )
        Plaintiffs,               )
                                  )
v.                                )
                                  )
3-DAY BLINDS, INC.,               )
Serve: Registered Agent           )
       Illinois Corporation Service )
       801 Adlai Stevenson Drive  )
       Springfield, IL 62703-4261 )
                                  )
and                               )
                                  )
ACE HARDWARE,                     )
Serve: Registered Agent           )
       Ace Hardware Corporation   )
       Rita D. Kahle              )
       2200 Kensington Ct.        )
       Oak Brook, IL 60523-2100   )
                                  )
and                               )
                                  )
                                  )
                                  )
                                  )
and                               )
                                  )
ALL STRONG INDUSTRY (USA), INC.   )
Serve: c/o Kai Sheng Hsu          )
       14316 Ashbury Drive        )
       Chino Hills, CA 91709      )
                                  )
and                               )

FILED

FEB 17 2005

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

ALL BLINDS CO., LTD.                          )
Serve: Person In Charge                       )
    9th Floor, 91, Nan-King E. Rd.        )
    Sec. 3                                )
    Taipei, Taiwan                        )
                                  )
and                                           )
                                  )
ALL-TECK, DIV. OF PLASTIC LTD.                )
Serve: Person In Charge                       )
    8600 Decarie Blvd., #10               )
    Montreal, PQ H4P 2N2                  )
                                  )
and                                           )
                                  )
AMES DEPARTMENT STORES, INC.                  )
Serve: Person In Charge                       )
    RR 1                                  )
    Rehoboth Beach, DE 19971-9801         )
                                  )
and                                           )
                                  )
BEAUTIFUL WINDOW ENTERPRISE                   )
CO., LTD.                                     )
Serve: Registered Agent                       )
    536 Rn Huang                          )
    3709 East Randol.Mill Road            )
    Suite 200                             )
    Arlington, TX 76011                   )
                                    )
and                                           )
                                  )
BIG LOTS STORES, INC., f/k/a                  )
Consolidated Stores Corporation, f/k/a        )
Consolidated Stores International             )
Corporation                                   )
Serve: Registered Agent                       )
    CT Corporation System                 )
    208 So LaSalle St., Suite 814         )
                                    )
and

05/17/2005 14:45 FAX  6314750030     CUE BROKERAGE CORP                    ☑009/045
FROM                                 (WED)APR 13 2005 10-33/51. 10-22/NO. 0050001401 P  0

BLINDS TO GO, INC.                          )
Serve: Registered Agent                     )
    Phillips K. Taylor                    )
    3624 Harrison                         )
    Kansas City, MO 64109                 )
                                          )
and                                         )
                                          )
THE C-MOR COMPANY, L.P.                      )
Serve: Registered Agent                     )
    Robert Gershuny                       )
    7 Jewell Street                       )
    Garfield, NJ 07026                    )
                                          )
and                                         )
                                          )
CHING FENG BLINDS IND. CO., LTD.             )
Serve: Person In Charge                     )
    373 Yan Hai Rd., Sec. 4               )
    Fu Nan Village                        )
    Fu Hsing Hsiang                       )
    Chang Hua Hsien, Taiwan               )
                                          )
and                                         )
                                          )
CHING FENG HOME FASHIONS CO.,                )
LTD.                                        )
Serve: Person In Charge                     )
    373 Yan Hai Rd., Sec. 4               )
    Fu Nan Village                        )
    Fu Hsing Hsiang                       )
    Chang Hua Hsien, Taiwan               )
                                          )
and                                         )
                                          )
COASTAL INTERNATIONAL, INC.                 )
Serve: William S. McDowell, Jr.             )
    180 N. LaSalle St., Suite 2525        )
    Chicago, IL 60601-2705                )
                                          )
and                                         )

3

COMFORTEX CORPORATION                          )
Serve: c/o Corporation Service Company         )
        80 State Street                         )
        Albany, New York 12207-2543            )
                                               )
and                                            )
                                               )
CUSTOM CRAFT VINYL PRODUCTS,                   )
INC.                                           )
Serve: Registered Agent                        )
        National Registered Agents, Inc.       )
        200 West Adams Street                   )
        Chicago, IL 60606                      )
                                               )
and                                            )
                                               )
DOLGENCORP., INC.                             )
Serve: Registered Agent                        )
        Illinois Corporation Service           )
        801 Adlai Stevenson Drive              )
        Springfield, IL 62703-4261            )
                                               )
and                                            )
                                               )
FINGERHUT COMPANIES, INC.                     )
Serve: CF Companies, Inc.                      )
        1487 Amherst Road                      )
        Knoxville, TN 37909                    )
                                               )
and                                            )
                                               )
FOOT LOCKER SPECIALTY, INC. f/k/a             )
F.W. WOOLWORTH CO.                            )
Serve: Matthew Serra or Person In Charge      )
        112 W. 34th Street                     )
        New York, New York 10120              )
and                                            )
                                               )
HOME DEPOT U.S.A., Inc.                        )
Serve: Registered Agent                        )
        CT Corporation System                  )
        208 So LaSalle St., Suite 814          )
        Chicago, IL 60604                      )

4

05/17/2005 14:46 FAX   6314750030          CUE BROKERAGE CORP                      011/045
   FROM                                    (WED)APR 13 2005 16:33/ST. 16:22/No. 0650067401 P  6

HUNTER DOUGLAS WINDOW                )
COVERINGS, INC.                      )
Serve: Registered Agent              )
       Corporation Service Company   )
       830 Bear Tavern Road          )
       Trenton, NJ 08628             )
                                     )
                                     )
and                                  )
                                     )
IKEA U.S., INC.                      )
Serve: c/o CT Corporation System     )
       111 Eighth Avenue             )
       New York, New York 10011      )
                                     )
and                                  )
J. PAXTON ENTERPRISES, INC.          )
Serve: Person In Charge              )
       Rm. 2201, No. 211             )
       Chung Cheng 4th Rd.           )
       Kaohsiung, Taiwan             )
                                     )
and                                  )
                                     )
J.C. PENNEY CORPORATION, INC.        )
Serve: CT Corporation System         )
       208 So LaSalle St., Suite 814 )
       Chicago, IL 60604-1101        )
                                     )
and                                  )
                                     )
THE JENCRAFT CORPORATION             )
Serve: Ronald Gitkin                 )
       6 Knollwood Road              )
       Woodcliff Lake, NJ 07675      )
and                                  )
                                     )
JULIUS KOCH U.S.A., INC.             )
Serve: Registered Agent              )
       Richard A. Gamache            )
       387 Church Street             )
       New Bedord, MA 02745          )

05/17/2005 14:46 FAX  6314750030            CUE BROKERAGE CORP                        ☑012/045
    FROM                                      (WED)APR 13 2005 16:33/ST. 16.22/NO. 6050061461  P  3

K MART CORPORATION                                )
Serve: Registered Agent                           )
       CT Corporation System                      )
       208 So LaSalle St., Suite 814              )
       Chicago, IL 60604-1101                     )
                                                  )
and                                               )
                                                  )
KENNY CORPORATION                                 )
Serve: Howard Berland                             )
       820 Church St., Suite 200                  )
       Evanston, IL 60201-5603                    )
                                                  )
and                                               )
                                                  )
KIRSCH ENTERPRISES, INC.                          )
Serve: Paul Kirsch and/or Person In Charge        )
       15180 Buffalo Road                         )
       Clayton, NC 27520                          )
                                                  )
and                                               )
                                                  )
KUEHNE & NAGEL, INC.                              )
Serve: CT Corporation System                      )
       208 So LaSalle St., Suite 814              )
       Chicago, IL 60604-1101                     )
                                                  )
and                                               )
                                                  )
LEWIS HYMAN, INC.                                 )
Serve: Daniel Case                                )
       860 E. Sandhill Avenue                     )
       Carson, CA 90746                           )
                                                  )
and                                               )
                                                  )
LIMATTAN CORPORATION                              )
Serve: Dean Chen                                  )
       1 Chapin Road                              )
       Pine Brook, NJ 07058                       )
                                                  )
and                                               )

LONG FAR IND. CO., LTD.                                )
Serve: Person In Charge                                )
        No. 16, Ren Yih Lane                           )
        Heh Ming Vill.                                 )
        Shiow Shoei Hsiang                             )
        Chang Hua Hsien, Taiwan                        )
                                                       )
                                                       )
and                                                    )
                                                       )
LOTUS & WINDOWARE, INC.                                )
Serve: Michael Liu and/or                              )
        Person in Charge                               )
        630 S. Hambledon Ave.                          )
        City of Industry, CA 91744                     )
                                                       )
                                                       )
and                                                    )
                                                       )
LOWE'S HOME CENTERS, INC.                              )
Serve: CT Corporation System                           )
        208 So LaSalle St., Suite 814                  )
        Chicago, IL 60604-1101                         )
                                                       )
                                                       )
and                                                    )
                                                       )
MAIN FINE USA                                          )
Serve: Dick Chen                                       )
        2001 Route 46 Suite 405                        )
        Parsippany, NJ 07054                           )
                                                       )
                                                       )
and                                                    )
                                                       )
MARIETTA DRAPERY & WINDOW                              )
COVERINGS CO., INC.                                    )
Serve: Fredrick D. Bentley Sr.                         )
        241 Washington Ave.                            )
        Marietta, GA 50060                             )
                                                       )
and                                                    )

7

05/17/2005 14:46 FAX  6314750030
FROM

CUE BROKERAGE CORP
(WED)APR 13 2005 10:33/ST. 10:22/NO. 0850001481 P 11

☑014/045

THE MAY DEPARTMENT STORES )
COMPANY, d/b/a )
VENTURE STORES, INC., )
Serve: CT Corporation System )
120 S. Central Ave. )
Clayton, MO 63105 )
)
)
and )
)
MENARD, INC. )
Serve: John Menard Jr. )
or Person In Charge )
4777 Menard Drive )
Eau Claire, WI 54703 )
)
)
and )
)
MITCHELL BLIND AND SHADE )
COMPANY )
Serve: Judith Mitchell and/or )
Person In Charge )
6515 Belair Road )
Baltimore, MD 21206 )
)
)
and )
)
MONTGOMERY WARD ENTERPRISES, )
INC., )
Serve: CSC - Lawyers Incorporating )
Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
)
)
and )
)
NEWELL OPERATING COMPANY )
Serve: CT Corporation System )
208 So LaSalle St., Suite 814 )
Chicago, IL 60604-1101 )
)
)
and )

8

NIEN MADE ENTERPRISE CO., LTD.          )
Serve: Person In Charge                        )         ( 2
          11, Kung-Chu Road                    )
          Hou Liao Village                     )
          Fan Yuan Hsiang                      )
          Changhua, Taiwan                     )
          R.O.C.                               )
                                               )
and                                            )
                                               )
PACIFIC RESOURCES EXPORT, LTD.          )
Serve: CT Corporation                          )
          417 Spring                           )
          Little Rock, Arkansas 72201          )
                                               )
and                                            )
                                               )
PIER 1 IMPORTS (U.S.), INC.             )
Serve: Prentice Hall Corporation               )
          33 North LaSalle Street              )
          Chicago, IL 60602-2607              )
                                               )
and                                            )
                                               )
RICHFIELD WINDOW COVERINGS              )
Serve: Registered Agent                        )
          Tsui-Ying Tsai                       )
          13712 Alondra Blvd                   )
          Cerritos, California 90703           )
                                               )
and                                            )
                                               )
ROYAL WINDOW COVERINGS (USA)            )
L.P.,                                          )
Serve: Registered Agent                        )
          Corporation Service Company          )
          701 Brazos Street, Suite 1050        )
          Austin, TX 78701                     )
                                               )
and                                            )

05/17/2005 14:47 FAX  8314750030          CUE BROKERAGE CORP                    ☐016/045
FROM                                   (WED)APR 13 2005 15:33/ST. 15:22/No. 0850061461 P 15

SEARS BRANDS, L.L.C.                    )
Serve: Registered Agent                )
          CT Corporation System        )
          208 So LaSalle St., Suite 814 )
          Chicago, IL 60604            )
                                        )
and                                     )
                                        )
SHOPKO                                  )
Serve: Registered Agent                )
          CT Corporation System        )
          208 So LaSalle St., Suite 814 )
                                        )
and                                     )
                                        )
SPRINGS WINDOW FASHIONS LP              )
Serve: Robert W. Sullivan or           )
          Person In Charge             )
          205 N. White St.             )
          Fort Mill, SC 29715          )
                                        )
and                                     )
                                        )
STANDARD BRANDS PAINT                   )
COMPANY, INC.                           )
Serve: Registered Agent                )
          CT Corporation System        )
          818 West Seventh Street      )
          Los Angeles, CA 90017        )
                                        )
and                                     )
                                        )
SUPER DOLLAR DISCOUNT, INC.             )
Serve: Registered Agent                )
          Ahmad M. Afkhaiib             )
          5701 N. Sheridan Road, Suite 7S )
          Chicago, IL 60660            )
                                        )
and                                     )

05/17/2005 14:47 FAX 8314750030
FROM

CUE BROKERAGE CORP                         ☑017/045
(WED)APR 13 2005 16:33/ST. 16:22/No. 0850061901 P 14

SUPER DOLLAR, INC.                          )
Serve: Registered Agent                     )
        Patricia Poulos                      )
        261 E. Indian Trail                  )
        Aurora, IL 60505                     )
                                             )
and                                          )
                                             )
SUPERIOR SHADE AND BLIND CO.,                )
INC..                                        )
Serve: Registered Agent                      )
        Corporate Access, Inc.               )
        236 E. 6ᵗʰ Ave.                       )
        Tallahassee, FL 32303                )
                                             )
and                                          )
                                             )
RICHVIEW, INC.                               )
Serve: Registered Agent                      )
        Larry Inouye                          )
        1901 Avenue of the Stars, Suite 1010 )
        Los Angeles, CA 90067                )
                                             )
and                                          )
                                             )
OEM SHADES; f/k/a VEROSOL USA,               )
INC.                                         )
Serve: Person in Charge                      )
        930 5ᵗʰ Avenue                        )
        Ford City, Pennsylvania 16226        )
                                             )
and                                          )
                                             )
C + F   VERTILUX LTD.                         )
Serve: Registered Agent                      )
        World Corporate Services, Inc.       )
        2665 South Bayshore Drive            )
        Suite 703                            )
        Miami, FL 33133                      )
                                             )
and                                          )

11

05/17/2005 14:47 FAX  8314750030        CUE BROKERAGE CORP                    ☑018/045
    FROM                                (WED)APR 13 2005 15:34/ST. 15:22/No. 6650001401 P 15

VISTA PRODUCTS, INC.                    )
Serve: Registered Agent                 )
       Philip J. Sypula                  )
       766 Hudson Ave., Suite B          )
       Sarasota, FL 34236                )
                                         )
and                                      )
                                         )
WAL-MART                                 )
Serve: Registered Agent                 )
       CT Corporation System            )
       208 So LaSalle St., Suite 814     )
       Chicago, IL 60604-1101            )
                                         )
and                                      )
                                         )
WHOLE SPACE PLASTIC MFG. CO.,            )
LTD.                                     )
2F, No. 223                              )
Chung Yang Rd.                           )
Nankang District                         )
Taipei, Taiwan, R.O.C.                   )
                                         )
and                                      )
                                         )
WINDOW CONCEPTS, INC.                    )
Serve: Registered Agent                 )
       Keith H. Berk                     )
       180 N. LaSalle St., Suite 3700    )
       Chicago, IL 60601                 )
                                         )
and                                      )
                                         )
WRISCO INDUSTRIES                        )
Serve: Registered Agent                 )
       CT Corporation System            )
       208 So LaSalle Street, Suite 814  )
       Chicago, IL 60604-1101            )
                                         )
       Defendants.                       )

12

05/17/2005 14:48 FAX  6314750030          CUE BROKERAGE CORP                    ☑019/045
      FROM                              (WED) APR 13 2005 10:34/ST. 10:22/No. 0000001401 P 10

# CLASS ACTION COMPLAINT

COME NOW Plaintiffs, and for their Class Action Complaint state to the Court as to themselves, and upon information and belief on behalf of all others similarly situated, as follows:

## INTRODUCTION

1.  This is a civil class action brought pursuant to 735 ILCS 5/2-801 on behalf of Plaintiffs and a Class consisting of all persons and entities in the United States who have purchased miniblinds constructed of plastic, metal, or other materials, manufactured, distributed, or retailed by Defendants herein, which miniblinds contain cord lengths capable of hanging greater than 7 1/4 inches, cords capable of forming loops, including inner cord loops, and which miniblinds fail to contain warnings regarding the dangers of cord lengths in excess of 7 1/4 inches and the risks associated with cord loops and inner cord strangulation. Plaintiffs assert claims against Defendants on breach of express warranties, breach of implied warranties, negligent breach of covenant of good faith and fair dealing, unjust enrichment, breach of covenants of good faith and fair dealing, and common law fraud, deceptive practices and civil conspiracy.

2.  The Defendant manufacturers, distributors, and retailers have sold in the past, and continue to sell, miniblinds which contain cords. Over the past thirty (30) years, Defendants, each of them, have sold and marketed such miniblinds in prices ranging from $2.00 to several hundred dollars per miniblind.

3.  Defendants, each of them, represented and/or warranted that the miniblinds were safe and free from product defects.

13

05/17/2005 14:48 FAX  6314750030          CUE BROKERAGE CORP                    ☑020/045
          FROM                               (WED)APR 13 2005 16:34/ST. 16:22/No. 0650061461 P 11

4.       The window covering industry, including manufacturers, distributors, and retailers acknowledged the defective nature of their products and engaged in a voluntary retrofit/recall program from 1994 through 1996. Prior to that time, multiple cords were joined into a single tassel which tassel created a loop. From 1994 through 1996 Defendants, each of them, began selling products with separated tassels and engaged in a retrofit program whereby consumers were advised that separating the cords and placing a tassel on the end of each cord would eliminate the product danger and defect. At the time of doing so, Defendants, each of them, were aware that such retrofit action did not eliminate the danger and defect, and in doing so they did not exercise ordinary care in the retrofit program.

5.       In 2000, Defendants, each of them, again acknowledged the dangerous and defective nature of their products, and engaged in a voluntary retrofit program whereby inner cord stops were placed on miniblinds on the hanging end of miniblind cords in an attempt to reduce the risk of inner cord strangulation. At the time of doing so, Defendants knew, once again, that such voluntary retrofit program would not eliminate the hazard, danger and defect associated with inner cord strangulation, and in doing so they did not exercise ordinary care in the retrofit program.

6.       Each of the Defendant manufacturers, distributors, and retailers of miniblinds conspired and agreed as agents, each to the other, to engage in a conscious course of conduct to lie, conceal and misrepresent the hazards associated with corded miniblinds. In undertaking the retrofit programs, Defendants knew that they had chosen "fixes" which were not effective and knew that the products remained dangerous and defective even if the retrofit kits were utilized. Further, Defendants knew that by engaging in such retrofit program that they would lure

14

members of the public into a false sense of security believing that the newer and/or retrofitted miniblinds were "safe" and "fixed" when Defendants knew or should have known that they were neither. Defendants engaged in a common plan and scheme to conceal this knowledge from the public. Defendants, together with all other co-Defendants herein, were engaged in a joint venture, enterprise or agency for the aforesaid purpose of deceit and by reason of their capacity as joint venturers, each in furtherance of the conspiracy as aforesaid, the mentioned acts, deeds, knowledge and omissions of said Defendants are imputable to all other Defendant joint venturers, both jointly and severally, in furtherance of the aforesaid civil conspiracy. As a result of engaging in the conspiracy, Defendants, each of them, have been able to continue with the manufacture, distribution, and sale of known dangerous and defective window products. Further, Defendants, each of them, knew that the retrofit attempts made were not sufficiently funded to have constituted any effectual recall, even if the alleged "fix" were implemented.

7.    Over the past 30 years more than 339 children and/or persons have been killed on the cords from miniblinds, yet Defendants, each of them, continue to manufacture, distribute and sell dangerous and defective miniblinds with cords capable of hanging greater than 7 1/4 inches, with cords capable of forming loops, including inner cord loops, and selling miniblinds that fail to contain warnings of the dangers associated with cord lengths greater than 7 1/4 inches and the risks associated with cord loops and inner cord strangulation.

8.    This action seeks compensation from members of the Class for their financial and other costs incurred by them as a result of their purchase of the miniblinds. The damages and relief of all types sought by Plaintiffs and each class member are less than $50,000.00 per

15

05/17/2005 14:48 FAX  6314750030         CUE BROKERAGE CORP                    ☑ 022/045
FROM                                    (WED)APR 13 2005 16:34/ST. 16:22/NO. 0690061401 P 16

Plaintiff, including interest, costs and attorneys' fees and Plaintiffs, and each member of the

Class expressly disclaim any individual recovery in excess of that amount.

## PARTIES

9.      Plaintiff Ronald Alsup is a citizen of the State of Illinois, County of Madison,

residing in Edwardsville, Illinois.

10.     Robert Crews is a citizen of the State of Illinois, County of Madison, residing in

Granite City, Illinois.

11.     Plaintiff Magnum Properties, LLC is a Missouri limited liability company in the

business of owning, operating and maintaining apartments and rental residences throughout the

City of St. Louis and St. Louis County, State of Missouri.

12.     Plaintiffs, each of them, after installing miniblinds in their homes, apartments and

rental dwellings, learned that they were unreasonably dangerous and defective and will be caused

to incur significant cost and expense associated with such removal, purchase, and replacement

with alternate cordless miniblinds and/or safe window covering products.

13.     At all times pertinent hereto, Defendant 3-Day Blinds, Inc. was and is a California

corporation, authorized to do and doing business in Illinois.

14.     At all times pertinent hereto, Defendant Ace Hardware was and is a Delaware

corporation, authorized to do and doing business in Illinois.

15.     At all times pertinent hereto, Defendant Achim Imports was and is a New York

corporation, authorized to do and/or doing business in Illinois.

16.     At all times pertinent hereto, Defendant All Strong Industry, Inc. ("All Strong") is

a California corporation; selling its products throughout the County of Madison, State of Illinois.

05/17/2005 14:49 FAX  6314750030                CUE BROKERAGE CORP                    ☒ 023/045
        FROM                                  (WED) APR 13 2005 16:34/ST. 16.22/NO. 6850061401 P 20

17.  At all times pertinent hereto, Defendant All Blinds Co., Ltd was and is a Taiwan corporation. Process may be served on its Person In Charge as follows:

> Serve: Person In Charge
> ALL BLINDS CO., LTD.
> 9th Fl., 91, nan-King E. Rd
> Sec. 3
> Taipei, Taiwan

18.  At all times pertinent hereto, Defendant All Teck, Div. Of Plastic Ltd. was and is a Canada corporation. Process may be served on its Person In Charge as follows:

> Serve: Person In Charge
> All-Teck, Div. Of Plastic Ltd.
> 8600 Decarie Blvd., #10
> Montreal, PQ H4P 2N2

19.  At all times pertinent hereto, Defendant Ames Department Store maintaining its principal place of business in Rehoboth Beach, Delaware and is authorized to do business and/or doing business in the State of Illinois.

20.  At all times pertinent hereto, Defendant Beautiful Window Enterprise Co., Ltd. was and is a Texas corporation, authorized to do and doing business in Illinois. Beautiful Window Enterprise Co., Ltd. offers for sale, distributed and advertised its window covering products to stores throughout Madison County, Illinois, including but not limited to co-defendant Wal-Mart.

21.  At all times pertinent hereto, Defendant Blinds to Go, Inc. was and is a Kansas corporation, authorized to do and doing business in the State of Missouri and State of Illinois.

17

22.     At all times pertinent hereto, Defendant The C-Mor Company, L.P. was and is a

New York corporation, authorized to do and doing business and/or doing business in the State of

Illinois.

23.     At all times pertinent hereto, Defendant Ching Feng Blinds Ind. Co., Ltd. was and

is a Taiwan corporation.  Process may be served on its Person In Charge as follows:.

       Serve:  Person In Charge
               373 Yan Hai Rd., Sec. 4
               Fu Nan Village
               Fu Hsing Hsiang
               Chang Hua Hsien, Taiwan

24.     At all times pertinent hereto, Defendant Ching Feng Home Fashions Co., Ltd. was

and is a Taiwan corporation.  Process may be served on its Person In Charge as follows:

       Serve:  Person In Charge
               373 Yan Hai Rd., Sec. 4
               Fu Nan Village
               Fu Hsing Hsiang
               Chang Hua Hsien, Taiwan

25.     At all times pertinent hereto, Defendant Coastal International, Inc. was and is a

Delaware corporation, authorized to do and doing business in the State of Illinois.

26.     At all times pertinent hereto, Defendant Comfortex Corporation was and is a

Delaware corporation, authorized to do and/or doing business in the State of Illinois.

27.     At all times pertinent hereto, Defendant Big Lots Stores, Inc. was and is an Ohio

corporation, authorized to do and doing business in the State of Illinois.

28.     At all times pertinent hereto, Defendant Custom Craft was and is a Wisconsin

corporation, authorized to do and doing business in the State of Illinois.

29.    At all times pertinent hereto, Defendant DolgenCorp, Inc. was and is a Kentucky corporation, authorized to do and doing business in the State of Illinois.

30.    At all times pertinent hereto, Defendant Fingerhut Companies, Inc. was and is a Tennessee corporation, authorized to do and/or doing business in the State of Illinois.

31.    At all times pertinent hereto, Defendant Foot Locker Specialty, Inc. f/k/a F.W. Woolworth Co. was and is a Pennsylvania corporation, authorized to do and/or doing business in the State of Illinois.

32.    At all times pertinent hereto, Defendant Home Depot U.S.A., Inc. was and is a Delaware corporation, authorized to do and/or doing business in the State of Illinois.

33.    At all times pertinent hereto, Defendant Hunter Douglas Window Coverings, Inc. was and is a Delaware corporation, authorized to do and/or doing business in the State of Illinois.

34.    At all times pertinent hereto, Defendant Ikea U.S., Inc. was and is a Delaware corporation, authorized to do and doing business in the State of Illinois.

35.    At all times pertinent hereto, Defendant J.C. Penney Corporation, Inc. was and is a Delaware corporation, authorized to do and doing business in the State of Illinois.

36.    At all times pertinent hereto, The Jencraft Corporation was a New Jersey corporation and at the time of the sale of the mini-blind in question, was authorized to do business in the State of Illinois.

37.    At all times pertinent hereto, Defendant Julius Koch U.S.A., Inc. was and is a Maine corporation, authorized to do and/or doing business in the State of Illinois.

38.    At all times pertinent hereto, Defendant K Mart Corporation was and is a Michigan corporation, authorized to do and doing business in the State of Illinois.

19

05/17/2005 14:49 FAX  6314750030        CUE BROKERAGE CORP                    ☑026/045
FROM                                   (WED)APR 13 2005 18:35/ST.16:22/No.6850061461 P 23

39.    At all times pertinent hereto, Defendant Kenny Corporation was and is an Illinois corporation, authorized to do and doing business in the State of Illinois.

40.    At all times pertinent hereto, Defendant Kirsch Enterprises, Inc. was and is a North Carolina corporation, authorized to do and/or doing business in the State of Illinois.

41.    At all times pertinent hereto, Defendant Lewis Hyman, Inc. was and is a New Jersey corporation, authorized to do and doing business in the State of Illinois.

42.    At all times pertinent hereto, Defendant Limatan Corporation was and is a New Jersey corporation, authorized to do and/or doing business in the State of Illinois.

43.    At all times pertinent hereto, Defendant Long Far Ind. Co., Ltd. was and is a Taiwan corporation.  Process may be served on its Person In Charge as follows:

        Serve: Person In Charge
               No. 16, Ren Yih Lane
               Heh Ming Vill.
               Shiow Shoci Hsiang
               Chang Hua Hsien, Taiwan

44.    At all times pertinent hereto, Defendant Lotus & Windoware, Inc. was and is a California corporation, in the business of manufacturing, distributing, importing, and selling the miniblinds which were the subject of this lawsuit and marketed and sold miniblinds, in Illinois, including those which are the subject of this lawsuit.

45.    At all times pertinent hereto, Defendant Lowe's Home Centers, Inc. was and is a North Carolina corporation, authorized to do and/or doing business in the State of Illinois.

46.    At all times pertinent hereto, Defendant Main Fine USA was and is a New Jersey corporation, authorized to do and/or doing business in the State of Illinois.

20

05/17/2005 14:50 FAX 6314750030       CUE BROKERAGE CORP                    ☑027/045
FROM                                           (WED)APR 13 2005 16:35/ST. 16:22/No. 6850067461 P 24

47.    At all times pertinent hereto, Defendant Marietta Drapery & Window Coverings
Co., Inc. was and is a Georgia corporation, authorized to do and/or doing business in the State of
Illinois.

48.    At all times pertinent hereto, Defendant May Department Stores Company, d/b/a
Venture Stores was and is a Delaware corporation, authorized to do and/or doing business in the
State of Missouri and Illinois.

49.    At all times pertinent hereto, Defendant Menard, Inc. was and is a Wisconsin
corporation, authorized to do and/or doing business in the State of Illinois.

50.    At all times pertinent hereto, Defendant Mitchell Blind and Shade Company was
and/or is doing business in the State of Illinois.

51.    At all times pertinent hereto, Defendant Montgomery Ward Enterprises, Inc. was
and is a Delaware corporation, authorized to do and doing business in the State of Missouri and
Illinois.

52.    At all times pertinent hereto, Defendant Newell Co. was and is a Delaware
corporation, authorized to do and doing business in the State of Illinois

53.    At all times pertinent hereto, Defendant Nien Made Enterprise Co., Ltd. was and
is a Taiwan corporation. Process may be served on its Person In Charge as follows:

     Serve:  Person In Charge
             11, Kung-Chu Road
             Hou Liao Village
             Fan Yuan Hsiang,
             Changhua, Taiwan, R.O.C.

05/17/2005 14:50 FAX  6314750030     CUE BROKERAGE CORP     ☒028/045
FROM                                (WED)APR 13 2005 16:35/ST. 16:22/No. 6850067461 P 25

54.   At all times pertinent hereto, Defendant Pacific Resources Export, Ltd. was and is an Arkansas corporation, authorized to do and/or doing business in the State of Missouri and Illinois.

55.   At all times pertinent hereto, Defendant Pier 1 Imports (U.S.), Inc. was and is an Delaware corporation, authorized to do and doing business in the State of Illinois.

56.   At all times pertinent hereto, Defendant Richfield Window Coverings, Inc. was and is a California corporation, authorized to do and/or doing business in the State of Illinois.

57.   At all times pertinent hereto, Defendant Royal Window Coverings (USA) L.P. was and is a Texas corporation, authorized to do and/or doing business in the State of Illinois.

58.   At all times pertinent hereto, Defendant Sears Brands, L.L.C. was and is an Illinois corporation, authorized to do and doing business in the State of Illinois.

59.   At all times pertinent hereto, Defendant Shopko was and is a Wisconsin corporation, authorized to do and doing business in the State of Illinois.

60.   At all times pertinent hereto, Defendant Springs Window Fashions LP was and is a South Carolina corporation, authorized to do and/or doing business in the State of Illinois.

61.   At all times pertinent hereto, Defendant Standard Brands Paint Company, Inc. was and is a California corporation, authorized to do and/or doing business in the State of Illinois.

62.   At all times pertinent hereto, Defendant Super Dollar Discount, Inc. was and is an Illinois corporation, authorized to do and doing business in the State of Illinois.

63.   At all times pertinent hereto, Defendant Super Dollar, Inc. was and is an Illinois corporation, authorized to do and doing business in the State of Illinois.

05/17/2005 14:50 FAX  6314750030          CUE BROKERAGE CORP                    ☑ 029/045
FROM                                     (WED)APR 13 2005 16:35/ST. 16:22/No. 6000067401 P 20

64.    At all times pertinent hereto, Defendant Superior Shades was and is a Florida corporation, authorized to do and/or doing business in the State of Illinois.

65.    At all times pertinent hereto, Defendant Shopko was and is a Wisconsin corporation, authorized to do and doing business in the State of Illinois.

66.    At all times pertinent hereto, Defendant Richview Window Coverings was and is a California corporation, authorized to do and/or doing business in the State of Illinois.

67.    At all times pertinent hereto, Defendant OEM Shades, Inc. was and is a Pennsylvania corporation, authorized to do and/or doing business in the State of Illinois.

68.    At all times pertinent hereto, Defendant Vertilux Ltd. was and is a Florida corporation, authorized to do and/or doing business in the State of Illinois.

69.    At all times pertinent hereto, Defendant Vista Products, Inc. was and is a Florida corporation, authorized to do and/or doing business in the State of Illinois.

70.    At all times pertinent hereto, Defendant Wal-Mart Stores, Inc. was and is a Delaware corporation, authorized to do and doing business in the State of Illinois.

71.    At all times pertinent hereto, Defendant Whole Space Plastic Mfg. Co., Ltd. was and is a Taiwan corporation. Process may be served on its Person In Charge as follows:

       Serve: Person In Charge
              2F, No. 223
              Chung Yang Rd.,
              Nankang District
              Taipei, Taiwan, R.O.C.

72.    At all times pertinent hereto, Defendant Window Concepts, Inc. was and is an Illinois corporation, authorized to do and doing business in the State of Illinois.

73.  At all times pertinent hereto, Defendant Wondertex Mills Co., Ltd. was and is a Taiwan corporation.  Process may be served on its Person In Charge as follows:

>  Serve: Person In Charge
>  9F1-2, No. 205, Sec. 1
>  Tun Hua S. Rd.
>  Taipei, Taiwan, R.O.C.

74.  At all times pertinent hereto, Defendant Wrisco Industries was and is a Delaware corporation, authorized to do and doing business in the State of Illinois.

75.  Defendants, each of them, manufacture, distribute, and retail to members of the consuming public, including Plaintiffs herein, and to all those members of the Class similarly situated, window miniblinds and do significant business throughout the State of Illinois, including Madison County.  Defendant manufacturers, each of them, sell through Defendant distributors and Defendant retailers which have offices, stores and distributors throughout Madison County, Illinois.  Defendants, each of them, advertise on television, radio and in newspapers in the State of Illinois and County of Madison, and derive significant revenue from the sale of their products in Illinois, including Madison County.

76.  Further, Defendants, each of them, did, in fact, commit unlawful and tortious acts pursuant to and in furtherance of a conspiracy in the State of Illinois, and more particularly, knowing of the danger associated with such miniblinds, conspired to continue to manufacture the defective products, concealing their knowledge of such hazards, engaging in a conscious course of conduct to suppress the dissemination of information and to conceal, misrepresent and hide proper corrective actions and warnings from members of the public, including Plaintiffs herein.

77.     Defendants acting as agents, each to the other, engaged in a course of advertising
and promotion throughout the United States, and more particularly, in the County of Madison,
State of Illinois, representing the miniblinds to be safe, while at the same time, the
manufacturers, distributors and retailers, in a position of superior knowledge than members of
the consuming public, chose to continue to market known dangerous and defective products and
acted in such furtherance of a common plan or scheme, each to the other, to conceal this
knowledge from the public, all of which occurred in the State of Illinois, including the County of
Madison.

78.     Defendants, each of them, engaged in the aforesaid recall and retrofit efforts and
as part of their campaigns from 1994 to 1996 and in 2000, advertised and distributed retrofit kits
throughout the County of Madison, State of Illinois and in doing so and disseminating false and
misleading information regarding safety. Defendants acted as agents, each to each other, in
committing their misrepresentations in the County of Madison, State of Illinois, in furtherance of
their conspiracy, each to the other.

79.     Defendant manufacturers, distributors and retailers sold their miniblinds at their
stores and retail locations operated in the County of Madison, State of Illinois. Defendants, each
of them, advertised on television, radio and newspapers in the County of Madison, State of
Illinois, and derive significant revenue from the sale of their products in the State of Illinois and
County of Madison.

### JURISDICTION AND VENUE

80.     Defendants have transacted substantial and continuous business in the State of
Illinois and County of Madison, and have committed tortious acts in this State and in this County

25

05/17/2005  14:51 FAX  6314750030          CUE BROKERAGE CORP                    ☑ 032/045
FROM                                       (WED) APR 13 2005 10:35/ST. 10:22/No. 0850087481 P 29

that form the basis for this cause of action. Thus, this Court has personal jurisdiction over Defendants, each of them.

81.     Defendants, each of them, regularly conduct business and sell their products in the County of Madison, and part and/or all of the acts/transactions giving rise to the claims asserted herein on behalf of the Class occurred here and Plaintiffs, some of them, purchased their defective window coverings in the County of Madison. Defendants maintain offices and agents in the County of Madison, State of Illinois for their usual and customary business, and/or in furtherance of the conspiracy. Accordingly, venue is proper in this Court under 735 ILCS 5/2-101 and 735 ILCS 5/2-102.

## CLASS ACTION ALLEGATIONS

82.     The Class includes all persons and entities residing in the United States and Puerto Rico who purchased miniblinds that were manufactured by Defendant manufacturers, distributed by the Defendant distributors, and retailed by Defendant retailers; and more particularly, sold miniblinds with cords capable of hanging greater than 7 1/4 inches, containing cords capable of forming loops, including inner cord loops, and failed to contain warnings of the dangers of cord lengths greater than 7 1/4 inches and the risk of cord loops and inner cord strangulation. Excluded from the Class are:

1)     Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns and successors;

2)     All persons who properly execute and timely file a request for exclusion from the Class; and

26

05/17/2005  14:51 FAX  6314750030          CUE BROKERAGE CORP                    ☑ 033/045
FROM                                     (WED)APR 13 2005 10:30/ST. 10:22/N0. 0030006T401 P 30

3)   All attorneys to this action, their agents, employees, and families, and all
judges, court clerks and assistants in the courthouse in which this cause of
action is filed.

4)   All jurors and/or individuals empaneled as potential jurors in the trial of
this cause.

83.   The Class is comprised of hundreds of millions of individuals who purchased
miniblinds with a common design defect. It is estimated that over one billion sets of such
defective miniblinds are currently in use in the United States, and as such, joinder of all persons
in one action is impractical, and the disposition of their claims in a Class will provide substantial
benefit to both the parties and the Court.

84.   Plaintiffs are members of the Class and will fairly and adequately assert and
protect the interests of the Class. The Plaintiffs are coincident with, and not antagonistic to,
those of other members of the Class. Plaintiffs have retained attorneys who are experienced in
class action litigation and in litigation of claims involving the defects associated with miniblinds
and other corded window covering products.

85.   A class action is superior to other methods of litigation for the fair and efficient
adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered
in the management of this Class Action. Since the damages suffered by individual Class
members may be relatively small, the expense and burden of individual litigation makes it
impossible for members of the Class to individually seek redress for the wrongful conduct
alleged.

27

86.    There are questions of law and fact which are common to the Class and which

predominate over questions effecting any individual Class member.  The common questions

include *inter alia*, the following:

    a)    Whether miniblinds containing cords capable of hanging greater than 7 1/4 inches constitute a product design defect and pose an unreasonable risk of strangulation, injury and death;

    b)    Whether miniblind cords capable of forming loops, including inner cord loops, constitute a product design defect and are unreasonably dangerous and defective and pose an unreasonable risk of strangulation, injury and death;

    c)    Whether the failure to contain a warning of the dangers associated with cord lengths in excess of 7 1/4 inches and the risk associated with cord loops and inner cord strangulation, constitute a product defect;

    d)    Whether Defendants' voluntary retrofit/corrective action plans of 1994-1996 and 2000 were reasonable to correct known product defects and the adequacy of the same, namely:

        1)    Whether Defendants choose as their method of correction a "fix" which did not eliminate the risk, and more particularly, whether the separating of cord tassels and placement of inner cord stops was adequate to eliminate the defects;

        2)    Whether Defendants established an advertising/informational campaign budget for such retrofit/corrective action plans which they knew was insufficient to effectuate any meaningful solution or warning; and,

        3)    Whether Defendants retrofit/corrective action plan increased the risk of harm by creating a false sense of security that newer retrofitted miniblinds were "safe" and "fixed" when the Defendants knew or should have known that the miniblinds were neither.

        4)    Whether Defendants knowingly misrepresented that their retrofit kits would make miniblinds safe, knowing that the retrofit kits would not help.

05/17/2005 14:52 FAX  6314750030          CUE BROKERAGE CORP                    ☑035/045
FROM                                      (WED)APR 13 2005 15:56/ST. 15:22/NO. 6850087481 P 32

e)   Whether Defendants conspired to keep known defective products in the marketplace;

f)   Whether Defendants engaged in deceptive business acts and practices in connection with the sale and advertising of miniblinds;

g)   Whether Defendants were obligated to disclose the existence of such defects;

h)   Whether Defendant failed to disclose the defects, and/or whether such disclosures were adequate disclosures to Plaintiffs and members of the Class;

i)   Whether Defendants breached their express and/or implied warranties by manufacturing, distributing and selling miniblinds that possessed a common defect; and

j)   Whether Defendants failed to cure non-compliance with express and/or limited warranties.

87.   Plaintiffs' claims and the claims of members of the Class, all derived from a common nucleus of operative facts. Plaintiffs are asserting claims that are typical of the claims of the entire Class and Plaintiffs will fairly and adequately represent and protect the interest of the Class, and accordingly, this action is properly maintainable as a class action.

## STATEMENT OF FACTS

### Background

88.   As described above, Defendant manufacturers, Defendant distributors, and Defendant retailers sell and have sold miniblinds to Plaintiffs and members of the Class.

### The Defect and Its Associated Problems

89.   The miniblinds in question suffer from a common and uniform defect, namely:

a)   The miniblinds were designed and/or manufactured with cords capable of hanging greater than 7 1/4 inches posing an unreasonable risk of strangulation, injury and death;

29

'17/2005  14:52 FAX  6314750030            CUE BROKERAGE CORP                    ☒036/045
FROM                                      (WED)APR 13 2005 16:36/ST. 16:22/No. 6850087481 P 33

b)    The miniblinds contain cords capable of forming loops, including but not limited to inner cord loops, of sufficient size to pose an unreasonable risk of strangulation, injury and death;

c)    The miniblinds failed to contain warnings of the dangers associated with cord lengths greater than 7 1/4 inches and the risks associated with loops and inner cord strangulation; and

d)    The industry having acknowledged the danger and defect, engaged in retrofit/voluntary corrective action plans from 1994-1996 and 2000 which plans failed to correct the defect, and further, created additional hazards by creating a false sense of security that newer miniblinds are "safe" and "fixed" when they are not.

90.    Defendants, each of them, continue to sell the alleged dangerous and defective miniblinds. Industry representatives and Consumer Product Safety Commission representatives estimate that over one billion such miniblinds are still in use in consumer homes and an additional forty to fifty million such miniblinds are sold each year in the United States.

## COUNT I

### (Negligence)

91.    Plaintiffs reallege the allegations in the preceding paragraphs as if fully set out herein.

92.    On two occasions as described above, defendants, individually and through the Window Covering Safety Council, voluntarily undertook a retrofit/recall program, in order to avoid a CSC mandatory recall.

93.    In order to assist and implement the retrofit/recall program, defendants created the Window Covering Safety Council and funded it so that it could provide retrofit kits to individuals to purportedly make the defective and unreasonably dangerous miniblinds previously sold due to their danger of

05/17/2005 14:53 FAX  6314750030          CUE BROKERAGE CORP                    ☑ 037/045
          FROM

strangulating infants and young children, as well as warn/inform the plaintiffs and the class about the dangers.

94.   At the time defendants voluntarily undertook the duty to retrofit/recall and warn, they knew that their program and retrofit would be insufficient to eliminate the hazard and that the hazard which they voluntarily undertook to remedy would remain after the retrofit program.

95.   In addition, the campaign was underfunded and not widely disseminated, in that despite approximately one billion dangerous miniblinds being in existence throughout the United States, only several hundred thousand of the retrofit kits were distributed.

96.   In undertaking the duty to warn, recall, and retrofit, defendants had a duty to exercise ordinary care of one in the similar industry engaging in a retrofit/recall program.

97.   As set forth above, defendants breached the duty of ordinary care.

98.   Plaintiffs and the class have been damaged in that they are in the possession of defective and unreasonably dangerous miniblinds, which the existing retrofit provided by the defendants are inadequate to eliminate the dangers, and that there are existing methods of retrofitting and/or manufacturing miniblinds which would eliminate the hazards described in this complaint. Consequently, plaintiffs and the class will have to either eliminate miniblinds and purchase alternative window coverings, remedy the problem themselves at a substantial cost,

05/17/2005 14:53 FAX  6314750030          CUE BROKERAGE CORP                     ☒038/045
FROM                                     (WED) APR 13 2005 16:36/ST. 16:22/No. 6850087481 P 35

or be at the risk of having their children or tenants injured, thereby suffering actual damages.

## COUNT II

### (Illinois Consumer Fraud and Deceptive Practices Act Claim)

99.    Plaintiffs incorporate all the allegations and facts set forth in all preceding paragraphs as if fully set forth herein.

100.    Defendants, each of them, designed, manufactured, distributed, and/or retailed, injecting into the stream of commerce and the regular course of their business, the defective miniblinds that they knew would be used by consumers, including members of the Class, for their intended use.

101.    At the time of the manufacture and sale, the defective miniblinds were not fit for their intended use and therefore were defective.

102.    Defendants knew the true and material facts regarding the defect and the failure to engage in a proper and adequate recall, as detailed above. Defendants either knew or recklessly disregarded the same and knowing the ramifications of not disclosing the defect to Plaintiffs and Class Members, and failed and/or refused to do so, fraudulently concealing and/or omitting the true and material facts from Plaintiffs and the Class.

103.    These omissions were known to Defendants to be falsely made and were made with the intent that Plaintiffs and the Class Members would rely on them and induce Plaintiffs and the Class Members to purchase miniblinds. Defendants represented the material fact that the miniblinds were free from defects and Plaintiffs were deceived by Defendants' conspiracy and misrepresentation.

32

05/17/2005 14:53 FAX  6314750030          CUE BROKERAGE CORP                    ☑038/045
       FROM                            (WED)APR 13 2005 10:30/31. 10.22/NO. 0000001401 P 30

104.   Plaintiffs and other members of the Class unaware of the Defendants'
concealment or suppression as well as falsity of said material facts, purchased one or more such
miniblinds.

105.   These practices constitute unfair and deceptive trade practices under the Illinois
Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 et seq., and similar laws in the
other forty-nine states.

106.   As a direct and proximate result of these unfair and deceptive trade practices,
Plaintiffs and the members of the Class have been damages as alleged herein in an amount to be
proven at trial, but in an amount less than Fifty Thousand Dollars ($50,000.00) per Class
Member.

## COUNT III

### (Breach of Implied Warranty)

107.   Plaintiffs incorporate by reference each of the preceding allegations as though
fully set forth herein.

108.   Defendants expressly and impliedly represented and warranted that the
miniblinds being sold to the general public were free from defects, "child safe," merchantable,
and fit for the intended purpose, in all household rooms, when it is not. Defendants breached its
implied warranties by selling miniblinds with a serious, inherent defect. Moreover, Defendants
made and/or allowed these warranties to be made with the intent of inducing Plaintiffs, and other
members of the Class, to purchase such miniblinds. The miniblinds were not merchantable at the
time of purchase, in that they were defectively designed and not safe for use throughout the
household, as warranted, but instead had impaired use or value, in that , given the defect, they

33

05/17/2005 14:53 FAX 6314750030       CUE BROKERAGE CORP            ☑040/045
 FROM                                  (WEDJAPR 13 2005 16:37/31. 16-22/NO. 0650001401 P 31

were unsafe for use anywhere small children would play and thus not suitable for the purpose for

which it was manufactured, denying Plaintiffs the reasonable use of the product and thus the

benefit of the bargain.

109.    If Plaintiffs and the members of the Class had known the true facts, they would

not have purchased the miniblinds.

110.    The element of privity, if found to be applicable, exists vis a vis Defendants and

members of the Class because, *inter alia*:

    1)    Defendants, each of them, made direct and/or indirect sales to members of
the Class;

    2)    Defendants, each of them, had standardized warranty forms, user guides,
registration cards or other similar documents;

    3)    Defendants had direct communications with members of the Class, both
through the purchase and retrofit/recall of the product through television,
newspaper and magazine advertisements;

    4)    Defendants, each of them, engaged in a concert of action and/or conspiracy
to hide the known dangerous and defective nature of the products; and

    5)    Defendants, each of them, engaged in a joint enterprise and
retrofit/corrective action program designed to hide the fact that their
recalled products was known to be inadequate, did not correct the defects,
was ineffectually funded to effect a meaningful solution and actually
increased the risk of harm by creating a false sense of security.

111.    Plaintiffs and the members of the Class are entitled to repudiation of their

agreements and repayment of the money they spent to purchase, install, and replace the

miniblinds in question, or actual damages in an amount to be determined at the trial of this

action, but in an amount less than Fifty Thousand Dollars ($50,000.00) per Class Member.

## COUNT IV

05/17/2005  14:54 FAX  6314750030          CUE BROKERAGE CORP                    ☒ 041/045
FROM                                      (RED)APR 13 2005 10:37/31. 10.22/NO. 0050001401 P 36

## (Breach of Expressed Warranty)

112.  Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

113.  The written warranty documents included with the miniblinds at the time of sale constitute express warranties that Defendants violated.

114.  Defendants provided a warranty that the miniblinds were safe for use, and free from defects.

115.  Plaintiffs and the members of the Class are entitled to either repudiation of their agreement and repayment of the money they spent for the purchase, installation, and replacement of the miniblinds in an amount to be determined at the time of the trial of this action, but in an amount less than Fifty Thousand Dollars ($50,000.00) per Class Member.

## COUNT V

### (Civil Conspiracy)

116.  Defendants, each of them, were part of the window covering Industry, and in that capacity, had a mutual or joint interest in the manufacture, distribution and retailing of miniblinds. Defendants, each of them, conspired or agreed, as agents, each to the other, to engage in a conscious course of conduct to lie, conceal and misrepresent the hazards associated with corded miniblinds, and not engage in proper retrofit/correction action efforts to recall admittedly dangerous and defective products, and in doing so, chose to commit unlawful and tortious acts, as set forth herein.

117.  Defendants did, in fact, commit such unlawful and tortious acts pursuant to the conspiracy knowing the danger and knowingly conspired to continue to manufacture, distribute

35

and sell the defective products. Defendants acting as agents, each to the other, engaged in a course of deceitful advertising and promotion so as to continue to manufacture, distribute and sell known dangerous and defective products, while advertising and causing members of the consuming public, including Plaintiffs and members of the Class herein, to be lured into a false sense of security believing that the newer and/or retrofitted miniblinds were "safe" and "fixed" when Defendants knew or should have known that they were neither. Defendants engaged in a common plan and scheme to conceal this knowledge from the public and to conceal the number of injuries and deaths from the public. Defendants, together with all other co-defendants herein, were engaged in a joint venture, enterprise or agency for the aforesaid purpose of deceit and by reason of their capacity as joint venturers, each in furtherance of the conspiracy as aforesaid, the hereinafter mentioned acts, deeds, knowledge and omissions of said Defendants are imputable to all of the other Defendant joint tortfeasors, both jointly and severally.

118.    As a direct and proximate result of the aforesaid conspiracy to commit the tortious and unlawful acts in furtherance of this conspiracy in the State of Illinois, dangerous and defective miniblinds were allowed to be sold, represented as safe, and allowed to go without adequate recall and/or retrofit and/or design and such defective products continue to be sold throughout the United States.

119.    As a direct and proximate result of the aforesaid conspiracy, Plaintiffs and the members of the Class have been damaged, in that, they have been deprived of information and true facts which if known, they would not have purchased the miniblinds. Plaintiffs and the members of the Class are entitled to either repudiation of their agreements and repayment of the money they spent to purchase the miniblinds, or actual damages in an amount to be determined at

trial of this action, but in an amount less than Seventy Five Thousand Dollars ($75,000.00) per

Class Member.

## COUNT VI

### (Breach of Implied Warranty under the Magnuson-Moss Act)

120. Plaintiffs hereby incorporate by reference each of the preceding

allegations as though fully set forth herein.

121. Defendants' conduct as described herein violated the Magnuson-Moss

Warranty Act ("Magnuson Moss Act"), 15 U.S.C. §§2304-2312.

122. Defendants expressly and impliedly represented and warranted that the

miniblinds with cords greater than 7 1/4 inches being sold to the general public

were free of defects, merchantable, and fit for their intended purpose. Defendants

breached its implied warranties by selling the miniblinds with a serious, inherent

defect as described above. Moreover, defendants made and/or allowed these

warranties to be made with the intent of inducing plaintiffs and the other members

of the Class to purchase the miniblinds.

123. If plaintiffs and the members of the Class had known the true facts, they

would not have purchased the miniblinds or paid as much as they did for the

product.

124. Plaintiffs and the members of the Class are entitled to either

repudiation of their agreements and repayment of the money they spent to

purchase and/or repair the miniblinds, or actual damages in an amount to be

37

05/17/2005 14:55 FAX  6314750030          CUE BROKERAGE CORP                    ☒ 044/045
       FROM                           (RED)APR 15 2005 16:37/31. 16.22/NO. 0000001401 P 41

determined at the trial of this action, but in an amount less than $50,000 per Class

Member.

## COUNT VII

### (Declaratory Judgment/Injunctive Relief)

125.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

126.   Plaintiffs and the Class are entitled to a declaration of the Court that the actions

and conduct of Defendants as alleged herein is unlawful.

127.   Plaintiffs and the Class are entitled to a declaration that the miniblinds in question

are dangerous and defective, that the attempts at retrofit/recall were inadequate, and the conduct

of Defendants in selling and continuing to sell such defective miniblinds is unlawful.

128.   Additionally, this Court should issue injunctive relief preventing Defendants from

the further manufacture, distribution and/or sale of such defective products.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, demand

judgment as follows:

(A)   A determination that this action is a proper class action maintainable

pursuant to 735 ILCS 5/2-801 and that Plaintiffs are appropriate class

representatives;

(B)   Actual and compensatory damages, pre-judgment and post-judgment

interest at the maximum rate allowable by law; the costs and

disbursements incurred by Plaintiffs in connection with this action,

05/17/2005 14:55 FAX 6314750030

FROM

CUE BROKERAGE CORP                    ☑045/045
(WED)APR 13 2005 16:37/ST. 16:22/NO. 0830061461 P 42

including reasonable attorneys' fees in an aggregate amount less than Fifty

Thousand Dollars ($50,000.00) per Plaintiff and each Class Member;

(C )   Enjoining and prohibiting Defendants from the further sale of defective

miniblinds and enjoining and prohibiting Defendants from engaging in the

unlawful and fraudulent acts, methods and practices set forth above;

(D)   Granting Plaintiff and the Class such further relief as the Court deems just

and proper.

JEFFREY J. LOWE, PC

By: _____
　　　Jeffrey J. Lowe      #08192362
　　　Attorney for Plaintiff
　　　8235 Forsyth, Suite 1100
　　　St. Louis, Missouri 63105
　　　(314) 678-3400
　　　Fax: (314) 678-3401

　　　ONDER, SHELTON, O'LEARY &
　　　PETERSON, LLC
　　　James G. Onder, #06200444
　　　1015 Locust, Suite 720
　　　St. Louis, MO 63101
　　　(314) 421-6565 telephone
　　　(314) 421-4724 facsimile

　　　Mr. T. Evan Schaeffer  #6205854
　　　Ms. Andrea B. LaMere
　　　Schaeffer & Lamere
　　　5512 Godfrey Road
　　　Highway 67, Suite B
　　　Godfrey, IL 62035

　　　Attorneys for Plaintiff

39