## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>MARIETTA DRAPERY & WINDOW COVERINGS CO., INC., et al.,  )<br>)<br>)<br>)<br>Defendants.  )  | CAUSE NO. 06-CV-517-WDS |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This action for declaratory judgment is before this Court pursuant to 28 U.S.C. §2201. Defendant Marietta Drapery & Window ("Marietta Drapery") has filed several motions to which plaintiffs, The North River Insurance Company ("North River") and United States Fire Insurance Company ("U.S. Fire"), have filed joint responses.

Marietta Drapery has moved to dismiss plaintiffs' complaint for declaratory judgment for lack of jurisdiction and improper venue (Doc. 16), to which North River and U.S. Fire have filed a response (Doc. 27), and defendant has filed a reply (Doc. 29). In addition, Marietta Drapery filed an alternative motion to dismiss seeking to have the Court abstain from exercising jurisdiction over the matter or to stay the proceedings. (Doc. 30). North River and U.S. Fire responded to this motion (Doc. 33), and defendant filed a reply (Doc.34). Finally, Marietta Drapery filed a third motion to dismiss based on its assertion that the Court lacks subject matter jurisdiction. (Doc. 35). Again, North River and U.S. Fire responded to defendant's motion (Doc. 42), and defendant replied. (Doc. 43).

**BACKGROUND**

In 2005 Ronald Alsup ("Alsup"), Robert Crews ("Crews") and Magnum Properties initiated a class action lawsuit against Marietta Drapery in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (the "*Alsup* case"). Alsup, and a class of plaintiffs, sought damages from mini-blind manufactors, distributors and retailers, such as Marietta Drapery, for allegedly defective products they sold and an ineffective "retrofit program" to cure those defects. Plaintiffs have, at various times through the alleged class-period, insured defendant Marietta Drapery for commercial liability.

North River and U.S. Fire filed a complaint pursuant to 28 U.S.C. §2201 and 28 U.S.C. §1332 seeking declaratory judgment of their rights and obligations for the claims alleged in the *Alsup* case with regard to the various commercial general liability and umbrella liability insurance polices they respectively issued. Specifically, both parties seek declaratory judgment with respect to the duty to defend or indemnify Marietta Drapery, arguing that the allegations of the *Alsup* case fall outside the insurance coverage under these insurance policies.

**ANALYSIS**

**1.    Marietta Drapery's Motion to Dismiss for Lack of Jurisdiction (Doc. 16)**

A.    Lack of Personal Jurisdiction

Marietta Drapery first argues that this Court is without personal jurisdiction over it, and therefore cannot hear the declaratory judgment action. Marietta Drapery argues that the plaintiffs have failed to establish, by a preponderance of the evidence, that the Court has general (allowing defendant to be sued regardless of the subject matter of the litigation) or specific jurisdiction (allowing defendant to be sued for actions relating to defendant's specific contacts within the state). Defendant asserts that if an Illinois court would not have jurisdiction over this

matter, the Southern District of Illinois, in this diversity action, also lacks jurisdiction.

Plaintiffs argues that the issue of personal jurisdiction is moot, because by filing a motion to dismiss in the state court action, Marietta Drapery submitted to jurisdiction in Illinois courts. Plaintiffs claim that by filing a motion to dismiss the *Alsup* case, a motion that did not raise the issue of lack of jurisdiction, Marietta Drapery subjected itself to all other potential legal actions. The Court is not persuaded by plaintiffs' interpretation of the effect of filings in state court on a federal court's jurisdiction, but does find that the defendant has established sufficient "minimum contacts" with the State of Illinois, such that this Court's personal jurisdiction over it is proper. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[D]ue process requires only that … [the defendant] have certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"). Under *Int'l Shoe*, a Court is to analyze the nature and quality of the defendant's contacts with the forum state (i.e. whether the defendant's connection with the forum state is continuous and systematic or isolated) as well as whether the cause of action arises out of in-state affairs. As plaintiffs point out, Marietta Drapery has both continuous and systematic connections with Illinois, and the cause of action arises out of in-state actions. The record reflects that the defendant conducts continual and systematic business within the Illinois borders, as evidenced by the fact that the various Illinois-class members are the defendant's customers and that defendant has for several years assigned two permanent salespersons to sell Marietta Drapery's products in Illinois. Additionally, the cause of action arises directly from in-state activity; not only does the declaratory judgment directly involve a case being adjudicated in Illinois, with Illinois class-members, but also the original *Alsup* case involves purchases made by Illinois customers and potential tortious actions related to those in-state purchases. *See, e.g., Gray v. Am. Radiator &*

*Standard Sanitary Corp*, 176 N.E.2d 761 (Ill. 1961) (holding that a corporation that elects to sell its products for ultimate use in another state is answerable for any defects in those products); *Asahi Metal Indus. Co., v. Superior Court of Cal., Solano County*, 480 U.S. 102 (1987) (holding that a company which places a product within the stream of commerce directed toward a forum state may expect to be haled into court in that state).

Illinois' long arm statute confers jurisdiction over Marietta Drapery. 735 ILCS 5/2-209(a)(1) ("Any person, whether or not a citizen or resident of this State…submits…to the jurisdiction of the Courts of this state as to any cause of action arising from the doing of any such acts: (1) The transaction of *any* business within this State…") (emphasis added). The record reflects that Marietta Drapery conducts business within the State of Illinois (i.e. has salespersons and transactions within Illinois), so that Illinois' long-arm statute permits jurisdiction over this defendant—even if some or part of the action did not occur within Illinois. Therefore, the Court **FINDS** that it has personal jurisdiction over the defendant Marietta Drapery, and therefore, the Court **DENIES** that part of defendant's motion to dismiss based on lack of personal jurisdiction.

      B.     <u>Marietta Drapery's Motion to Dismiss for Improper Venue.</u>

Marietta Drapery also asserts that the Southern District of Illinois is an improper venue for this action. 28 U.S.C §1391(a)(2) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in…a judicial district in which a substantial part of the events or omissions giving right to the claim occurred, or a substantial part of the property that is the subject of the action is situated."). Marietta Drapery contends that plaintiffs' declaratory action seeks determination of rights and obligations with regard to insurance policies promulgated and delivered in Georgia; as a result, defendant argues that the Northern District of

4

Georgia is the proper forum of this declaratory judgment action. Moreover, even if the Southern District of Illinois were a proper venue, defendant argues that the Court should decline hearing the case based on the doctrine of *forum non conveniens*: that is, as an adequate and more convenient forum exists (Northern District of Georgia), this Court should transfer the case to another forum. As plaintiff correctly points out, pursuant to 28 U.S.C. §1391(a)(2), venue in a diversity suit is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* In this vein, the Southern District of Illinois is a proper venue for this declaratory judgment action, as a substantial part of the action occurred in the Southern District of Illinois. Not only is this case based in large part on the *Alsup* case (which is pending in a court in Southern Illinois), but also the very facts of the *Alsup* case itself involve citizens from, and events that occurred within, the Southern District of Illinois. The record reflects that not only did the substantial events leading up to this suit occur in Illinois, but all of the defendants are already either residents of Illinois (defendants Alsup and Crews) or must already travel to Illinois in connection with the *Alsup* lawsuit (defendants Marietta Drapery and Magnum Properties, LLC.). (Doc. 33). Therefore, the Court **DENIES** that part of defendant's motion to dismiss for improper venue based on the doctrine of *forum non conveniens*.

       2.      <u>Marietta Drapery's Alternative Motion to Dismiss or Stay Proceedings (Doc. 30)</u>

In this motion, the defendant seeks to have the Court stay the proceedings in this Court on the grounds that there is a parallel state court proceeding in Cobb County Georgia, *Marietta Drapery Co., v. United States Fire Ins. Co. and the N. River Ins. Co.*, 06-CV-1-8969. The Court notes that the state court action was removed to the United States District Court for the Northern District of Georgia, 06-2929. The Northern District of Georgia subsequently transferred the case to this Court, and it is currently assigned Cause No. 07-353-WDS. Therefore, the motion to

dismiss or stay is **DENIED** as moot. The Court **DIRECTS** the parties to advise the Court within twenty (20) days of the date of this Order why these two actions should not be consolidated for discovery and trial purposes.

      3.      <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 35).</u>

Marietta Drapery has also moved to dismiss plaintiffs' complaint on the grounds that the Court lacks subject matter jurisdiction. Specifically, Marietta Drapery argues that North River and U.S. Fire have failed to establish that "defense and indemnification costs" would meet or exceed the $75,000 jurisdictional amount, pursuant to 28 U.S.C. §1332. In order for a federal court to have subject-matter jurisdiction in a diversity suit, two elements must be present. First, there must be total diversity among the parties, and second, the amount in controversy must exceed the jurisdictional threshold of $75,000. *See* 28 U.S.C. §1332.

Neither party contests the total diversity element, and the Court **FINDS** that total diversity exists in this case. Therefore, the only real issue before the Court is whether the amount in controversy in the declaratory judgment action exceeds the jurisdictional threshold. Like in an injunction proceeding, the amount in controversy in a declaratory judgment action is the determined by the monetary value of the object of the litigation. *See, e.g., Pratt, Bradford & Tobin, P.C. v. Norfolk and Western Ry. Co.*, 885 F. Supp.1126 (S.D. Ill. 1994). The Seventh Circuit has held: "[t]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *McCarty v. Amoco Pipeline Co.,* 595 F.2d 389, 393 (7th Cir. 1979). Moreover, the Supreme Court has stated that the amount in controversy claimed by the plaintiff controls so long as the claim is made in good faith. *St. Paul Mercury Indem. Co. v. Red. Cab Co.,* 303 U.S. 283, 289 (1938) ("It must appear *to a legal certainty* that the claim is really less than the jurisdictional amount to justify dismissal.")

(emphasis added); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (amount in controversy in declaratory judgment action includes both the potential liability and cost to defend lawsuit).

As plaintiffs correctly state, the defendant, not the plaintiffs, has the burden at the pleading stage to demonstrate that it appears to "a legal certainty" that the amount in controversy falls short of the jurisdictional amount. *See Id.* ("Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.")

Although, defendant, through the various exhibits it submits, questions what *actual* or *likely* damages it might incur if it were to lose in this lawsuit, it has not established to a legal certainty that the amount in controversy *will* fall short of the jurisdictional amount. Rather, as plaintiffs have explained, there is reasonable likelihood that the amount in controversy is greater than the $75,000 jurisdictional threshold. (*See* Doc. 42-1, noting that U.S. Fire and North River's potential liability "undoubtedly exceeds" $75,000, as litigation exceeds $75,000 and each insurance policy's coverage is up to $10,000,000); *see also Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973) (class action plaintiffs may only aggregate damages to the extent that there is a single indivisible harm).

As a result, at least at this stage in the litigation, it appears that plaintiffs' claim that the amount in controversy exceeds the jurisdictional threshold was made in good faith. Certainly, at a later stage of this litigation (i.e after discovery) North River and U.S. Fire may be called upon to certify that the amount in controversy does in fact exceed this jurisdictional threshold. At this point in the proceeding, however, the Court is required to accept their good faith-claim and deem that the pled amount-in-controversy exceeds the jurisdictional threshold. *See Meridian Sec.*, 441

F.3d at 541 ("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy…the proponent's estimate of the claim's value must be accepted unless there is "legal certainty" that the controversy's value is below the threshold.").

Therefore, the Court **FINDS** that plaintiffs have established this Court's jurisdiction under the diversity statute and **DENIES** defendant's motion to dismiss for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss for lack of personal jurisdiction and for improper venue; **DENIES** defendant's alternative motion to dismiss, for abstention, or to stay proceedings; and **DENIES** defendant's motion to dismiss for lack of subject matter jurisdiction.  The parties are **DIRECTED** to advise the Court within twenty (20) days why this action and Cause No. 07-CV-353-WDS should not be consolidated for discovery and trial purposes.

**IT IS SO ORDERED.**

**DATED:   September 5, 2007.**

                                                              s/ WILLIAM D.  STIEHL
                                                                 DISTRICT JUDGE

8