## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NORTH RIVER INSURANCE COMPANY | ) | |
| UNITED STATES FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   v. | ) | NO. 06-cv-517-WDS |
| | ) | |
| MARIETTA DRAPERY & WINDOW | ) | |
| COVERINGS CO., INC., RONALD ALSUP, | ) | |
| ROBERT CREWS, and | ) | |
| MAGNUM PROPERTIES, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to alter or amend judgment (Doc. 87) to which the

defendant, Marietta Drapery & Window Coverings Co., Inc, has filed a response (Doc. 88) and

plaintiffs a reply (Doc. 89). The Court entered judgment in favor of plaintiffs on their motion for

summary judgment, finding that plaintiffs had no obligation to defend in an underlying action,[1]

*Alsup v. 3-Day Blinds, Inc.*, filed in the Third Judicial Circuit, Madison County, Illinois. (See,

Memorandum & Order at Doc. 86). The Court specifically found that the Commercial General

Liability Policy at issue did not cover the claims in the *Alsup* case because the alleged violations

were not accidents, and therefore were not "occurrences" as covered by the policy.

Plaintiffs seek to alter or amend the judgment on the sole issue of indemnification. The

Court found that the duty to indemnify did not arise until the insured became legally obligated to

---

[1]Marietta Drapery & Window Covering Co., Inc., is the defendant in the state-court action.
Plaintiffs in that action are Alsup, Crews, and Magnum Properties, LLC.

pay damages in the underlying action, and because there has not yet been a determination of liability in the *Alsup* action in state court, the issue of indemnification was not yet ripe.

Plaintiffs assert that under Illinois law, there is no duty to indemnify when there is no duty to defend. *Crum & Forester Managers Corp. v. Resolution Trust Corp.,* 620 N.E.2d 1073, 1081 (Ill. 1993). In response, defendant asks the Court to re-examine the entire issue of the duty to defend, but did not, independently seek reconsideration pursuant to Rule 59(e), of the Court's ruling that no duty to defend existed in this case. The Court will not, therefore, revisit its entire prior ruling, but will simply focus on the issue of idemnification.

Upon review of the record, the Court **FINDS** that plaintiffs' motion to alter or amend is well taken. Under Illinois law, "where no duty to defend exists, no duty to indemnify could ever exist." *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.,* 739 N.E.2d 85, 89 (Ill. App. Ct. 2000); *Crum & Forster Managers Corp,* 620 N.E.2d at 1081; *State Farm Fire and Cas. Co. v. Perez*, 899 N.E.2d 1231, 1241 (Ill. App. Ct. 2008)); *Steadfast Insurance Co. v. Caremark Rx, Inc.,* 835 N.E.2d 890, 901 (Ill. App. Ct. 2005).

Therefore, the Court Amends its Memorandum & Order (Doc. 86) as follows:

The Court **GRANTS** plaintiffs' motion for summary judgment, and **FINDS** that the plaintiffs, North River Insurance Company and United States Fire Insurance Company have no duty to defend or to indemnify the defendant Marietta Drapery & Window Coverings Co., Inc., in the underlying state-court action, *Alsup v. 3-Day Blinds, Inc.*

The Court, sua sponte **DISMISSES** the plaintiffs' claims against defendants Ronald Alsup, Robert Crews, and Magnum Properties, LLC, who are the plaintiffs in the underlying state-court action but have no actual standing in this declaratory judgment action.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATE:** _____**March 20, 2009**_____

                                        ___**s/ WILLIAM D. STIEHL**___
                                              **DISTRICT JUDGE**